**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KAZEM MOUSAVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-0003-CVE-JFJ |
| | ) | |
| JOHN CHRISTNER TRUCKING, LLC and | ) | |
| THREE DIAMOND LEASING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Opposed Motion for Leave to File a First Amended Complaint and Brief in Support (Dkt. # 26). Plaintiff Kazem Mousavi requests leave to file an amended complaint adding a claim of negligence based on California labor law. Defendants John Christner Trucking, LLC (JCT) and Three Diamond Leasing, LLC oppose plaintiff's request and argue that the proposed amended complaint is untimely and futile.

On January 3, 2019, plaintiff filed this case alleging that defendants placed a surveillance device inside the cab of his tractor-trailer, and he claims that this caused him severe emotional distress. Dkt. # 2. Plaintiff alleged claims under the Electronic Communications Privacy Act, 18 U.S.C. § 2520 (ECPA), and 42 U.S.C. § 1981, and he also alleged state law claims of invasion of privacy, negligence, and breach of contract. The Court entered a scheduling order (Dkt. # 19), inter alia, setting a deadline of May 1, 2019 for parties to file motions seeking leave to join additional parties or amend pleadings. Defendants filed a motion to dismiss (Dkt. # 9) plaintiff's claims under Fed. R. Civ. P. 12(b)(6). The Court granted the motion in part and dismissed plaintiff's § 1981 and negligence claims, but the Court denied the motion as to plaintiff's remaining claims. Dkt. # 25.

Plaintiff has filed a motion for leave to file an amended complaint adding a negligence claim under California law. As a matter of California law, an injured employee may bring a civil suit for monetary damages if his employer fails to secure the payment of workers' compensation benefits. CAL. LAB. CODE § 3706. Plaintiff "seeks to add factual allegations to support this claim (i.e., allegations that show [JCT] misclassified [p]laintiff as an independent contractor rather than an employee)." Dkt. # 26, at 2. The Court has reviewed plaintiff's proposed amended complaint, and the proposed amended complaint re-alleges the previously dismissed claims, even though plaintiff has not sought leave to include these claims in an amended complaint. Dkt. # 26, at 14-16. Plaintiff states that he is aware that the Court dismissed certain claims, and he re-alleges the dismissed claims for the purpose of preserving these claims for appeal. Id. at 14-15.

Defendants oppose plaintiff's motion to amend, and they have advised the Court that there is a separate class action lawsuit pending before the Honorable Gregory K. Frizzell that will resolve the underlying issue of drivers' status as employees or independent contractors. See Thomas Huddleston et al. v. John Christner Trucking, LLC, 17-CV-549-GKF-FHM (N.D. Okla.). Huddleston was originally filed in the United States District Court for the Eastern District of California, and it was later transferred to the Northern District of Oklahoma. The case concerns JCT's alleged misclassification of its drivers as independent contractors, and Thomas Huddleston, the representative of the putative class and collective action, alleges claims under federal, California, and Oklahoma law. The complaint specifically requests a ruling that JCT's drivers should be treated as employees as a matter of California labor law. Judge Frizzell conditionally certified the case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Mousavi filed a notice of consent to join in the collective action. Huddleston, 17-CV-549-GKF-FHM, Dkt. # 90

2

(N.D. Okla. July 10, 2018). JCT has filed a motion asking Judge Frizzell to find that California law is inapplicable and that Oklahoma substantive law should govern the plaintiff's state law claims. Huddleston, 17-CV-549-GKF-FHM, Dkt. # 158 (N.D. Okla. Apr. 19, 2019). There is also a pending motion for class certification seeking the creation of three separate classes, and two of those classes would require Judge Frizzell to determine whether drivers were improperly classified as independent contractors under California law. Huddleston, 17-CV-549-GKF-FHM, Dkt. # 162, at 10-12 (N.D. Okla. Apr. 22, 2019).

Defendants argue that plaintiff knew the basis for his new negligence claim at the time the complaint was filed, and plaintiff's request to file an amended complaint should be denied as untimely. Dkt. # 31, at 3-5. They claim that plaintiff plainly knew that there was an issue as to his status as employee or independent contractor, because he is a member of the putative class in the case before Judge Frizzell. Id. at 4. Plaintiff responds that there are no issues concerning workers' compensation coverage in Huddleston, and he claims that his Oklahoma counsel was not familiar with California law when he filed the complaint in this case. Dkt. # 37, at 3. The Court does not find that plaintiff's motion to amend is untimely. The deadline to file motions to join parties or amend pleadings was May 1, 2019, and plaintiff's motion was filed on that date. Plaintiff certainly could have included his workers' compensation claim in his complaint, because he knew of the factual and legal basis for this claim based on his own involvement in the Huddleston case. However, the motion to amend was filed within the deadline set by the Court and defendants have not shown that allowing the amendment would delay resolution of this case.

Even though the motion to amend is timely, the Court finds that motion should be denied for other reasons. Plaintiff repeatedly suggests that his proposed amended complaint would assert a new

3

negligence claim and that the real issue is defendants' failure to obtain workers' compensation coverage. However, the dispositive issue for plaintiff's new negligence claim is whether he was improperly classified as an independent contractor by JCT. This is a complex factual and legal issue that is squarely at issue in <u>Huddleston</u>, and plaintiff is a member of the putative class in <u>Huddleston</u>. The Court finds no reason for two separate judges to rule on the same issue, and the interests of judicial economy strongly favor denying plaintiff's motion to amend. Should Judge Frizzell find that JCT's drivers were improperly classified as independent contractors, the Court would consider allowing plaintiff to file an amended complaint asserting claims related to the dispute concerning his employment status if he can show that such claims cannot be asserted in <u>Huddleston</u>. It would be a waste of judicial resources for two judges to consider the employment status of JCT's drivers, and plaintiff's motion to amend should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File a First Amended Complaint and Brief in Support (Dkt. # 26) is **denied.**

**DATED** this 18th day of June, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE