# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAZEM MOUSAVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0003-CVE-JFJ |
| | ) |
| JOHN CHRISTNER TRUCKING, LLC and | ) |
| THREE DIAMOND LEASING, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Opposed Motion for Leave to File First Amended Complaint and Brief in Support (Dkt. # 39). Plaintiff requests leave to file an amended complaint adding additional claims and clarifying aspects of his existing claims. He asserts that the amended complaint would not "materially change the case" and he argues that the motion to amend is timely. Dkt. # 39, at 1. Defendant responds that plaintiff is simply advancing claims that have previously been rejected by the Court, and the motion to amend is futile and untimely. Dkt. # 40. The Court notes that this is plaintiff's second motion to amend, and his first motion to amend was denied. See Dkt. # 38.

On January 3, 2019, plaintiff filed this case alleging that defendants placed a surveillance device inside the cab of his tractor-trailer, and he claims that this caused him severe emotional distress. Dkt. # 2. Plaintiff alleged claims under the Electronic Communications Privacy Act, 18 U.S.C. § 2520 (ECPA), and 42 U.S.C. § 1981, and he also alleged state law claims of invasion of

privacy, negligence, and breach of contract.[1] The negligence claim was based on a theory of negligence per se, and plaintiff argued that defendants had a duty under federal regulations to prevent him from driving if he posed a risk of harm to himself. Dkt. # 2, at 9-10. The Court entered a scheduling order (Dkt. # 19), inter alia, setting a deadline of May 1, 2019 for parties to file motions seeking leave to join additional parties or amend pleadings. Defendants filed a motion to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Dkt. # 9. The Court granted the motion in part and dismissed plaintiff's § 1981 and negligence claims, but the Court denied the motion to dismiss as to plaintiff's remaining claims. Dkt. # 25. Plaintiff filed a motion to amend (Dkt. # 26) seeking leave to add a negligence claim under California law, because defendant allegedly failed to obtain workers' compensation coverage for plaintiff in the event that he was injured on the job. The Court found that the issue of whether plaintiff was an employee or an independent contractor was the subject of another lawsuit against defendant, and plaintiff's motion to amend was denied. Dkt. # 38.

Plaintiff has filed a second motion to amend (Dkt. # 39) seeking to "clarify" the legal theories under which he seeks to recover. The proposed amended complaint alleges that plaintiff advised defendants that he was not fit to drive due to his anxiety after discovering a surveillance device in his tractor-trailer, and he claims that he was directed by John Christner Trucking, LLC (JCT) to return to work. Dkt. # 39, at 13. Plaintiff cites provisions of a contract between himself and JCT under which the "contractor" shall provide a competent driver and the "carrier" shall have the right to disqualify any driver who is found to be unfit or unqualified to drive, and he claims that

---

[1] The breach of contract claims in plaintiff's complaint (counts five and six) concern an escrow fund and the proceeds of a property damage insurance policy covering plaintiff's tractor-trailer, and these claims are distinct from the new breach of contract claim that plaintiff seeks to add in his amended complaint.

defendants had a contractual duty to prevent him from driving if he was mentally unfit. Id. at 14-15. The proposed amended complaint includes the ECPA and invasion of privacy claims that were not dismissed in the Court's ruling on defendants' motion to dismiss. Id. at 15-16. Plaintiff seeks to assert a common law negligence claim under a theory that defendants had a legal and a contractual duty to disqualify him from driving if he posed a risk of harm to himself, and it appears that he is alleging a breach of contract claim based on his allegations that he was unfit to drive. Id. at 17-19. Plaintiff also alleges that defendants committed fraud by placing a surveillance device in the cab of his tractor-trailer without advising him that he communications would be recorded. Id. at 21.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." Panis v. Mission Hills Bank, N.A., 60

F.3d 1486, 1495 (10th Cir. 1995) (citing Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)).

Plaintiff seeks leave to amend to add a claim for common law negligence, to include additional factual allegations concerning his existing breach of contract claim, and add a fraud claim. Dkt. # 39. Plaintiff states that this will not "materially change the case, prejudice the parties, or cause undue delay" and he is "just ensuring . . . that he has all of his potential claims for relief fully articulated in his [c]omplaint." Id. at 1, 6. Defendants respond that all of the claims that plaintiff now seeks to add could have been alleged in his original complaint, and plaintiff's attempt to "clarify" his claims is a thinly-veiled attempt to avoid previous unfavorable rulings. Dkt. # 40, at 3.

The Court will initially consider whether plaintiff's motion to amend is timely. The deadline in the amended scheduling order (Dkt. # 36) to file motions to amend the complaint was August 2, 2019, and plaintiff's motion (Dkt. # 39) was filed on August 2, 2019. Even though the motion was timely under the scheduling order, plaintiff repeatedly acknowledges that he knew the factual basis for his new claims when the case was filed, and plaintiff has not offered a plausible explanation for failing to include these claims in his original complaint or in his prior motion to amend. See Dkt. # 39, at 6; Dkt. # 41, at 3  The substance of the proposed amendments and the lack of a plausible explanation for the delay in filing the motion created a strong appearance that plaintiff is seeking leave to amend to avoid the effect of unfavorable rulings on a motion to dismiss and a prior motion to amend. Plaintiff states that he is merely attempting to "clarify" the legal basis for his claims. Dkt. # 39, at 1. However, he is attempting to add new claims that would effectively substitute for the negligence claim that was dismissed in the Court's ruling on defendant's motion to dismiss. All of

4

the claims in plaintiff's proposed amended complaint could have been asserted when the case was originally filed, and the Court finds that plaintiff has not offered a plausible explanation for failing to include the new claims in his original complaint.

Even if plaintiff's motion were timely, defendants argue that plaintiff's proposed negligence claims is futile and plaintiff is merely attempting to revive a claim that has already been dismissed. The factual basis for plaintiff's proposed negligence and breach of contract claims would be that defendants should be held liable for allowing plaintiff to drive when he advised defendants that he was not fit to drive. Dkt. # 39, at 17. However, plaintiff testified at his deposition that he was not forced to resume driving after he discovered the alleged surveillance device and that told defendants that he was ready to return to work. Dkt. # 40-1, at 6-7. Plaintiff may have been involved in a single-vehicle accident after he returned to work, but his deposition testimony shows that he did not advise defendants that he was unfit to drive. When asked who was responsible for the accident, plaintiff claimed that it was the "road's fault" and that he bore no responsibility for the accident. Id. at 8-9. Plaintiff acknowledges that he gave these responses in his deposition, and he argues that these questions show that defendants were on notice that he intended to pursue a negligence claim. However, his deposition testimony also wholly undercuts the factual basis for his proposed negligence claim, and it is not clear why plaintiff's counsel filed this second motion to amend when they were aware of plaintiff's deposition testimony. The Court finds that plaintiff's proposed negligence claim would be futile based on his own deposition testimony that would contradict the allegations of the proposed amended complaint. The lack of a factual basis for his negligence claim also renders his proposed breach of contract claim based on the parties' contract futile, because there

is no factual basis that would support allegations that defendants should have been on notice that plaintiff was unfit to drive.

The Court finds that plaintiff's second motion to amend (Dkt. # 39) should be denied. Plaintiff could have included all of the claims alleged in his proposed amended complaint when he filed the original complaint, and plaintiff has offered no plausible explanation for failing to include the new claims in his original complaint. Plaintiff also previously filed a motion to amend, and did not seek to add any of the claims alleged in his proposed amended complaint. The Court previously dismissed the negligence claim alleged in plaintiff's original complaint, and plaintiff's motions to amend (Dkt. ## 29, 39) create an appearance that he is seeking to avoid this ruling by re-casting the same claim under different legal theories. Plaintiff suggests that he is merely seeking to "clarify" his claims, but this would be more plausible if he were not attempting to add wholly new claims for relief that would materially change the nature of his lawsuit. Plaintiff should have included the new claims in his original complaint or his prior motion to amend, and the Court finds that plaintiff's second motion to amend (Dkt. # 39) is untimely.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File First Amended Complaint and Brief in Support (Dkt. # 39) is **denied**.

**DATED** this 8th day of October, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE